UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMERICAN TRUCKING AND
TRANSPORTATION INSURANCE
COMPANY

CIVIL ACTION

VERSUS

NO. 17-47-BAJ-EWD

CHAD WILLIAMS, ET AL.

**NOTICE AND ORDER**

On January 24, 2017, Plaintiff, American Trucking and Transportation Insurance Company ("Plaintiff") filed a Complaint for Interpleader pursuant to 28 U.S.C. § 1335.[1] Per Plaintiff's Complaint, the following parties are made defendants in the interpleader action: "(1) Chad Williams, an adult resident citizen of the State of Louisiana; (2) Morris Bart, LLC, 601 Poydras Street, New Orleans, LA 70130; (3) Dr. Anthony Ioppolo, M.D., 5408 Flanders Drive, Baton Rouge, LA 70808; (4) Baton Rouge EMS, P.O. Box 62943, New Orleans, LA 70162; (5) Our Lady of the Lake Regional Medical Center, 5000 Hennessy Blvd. Baton Rouge, LA 70808; (6) Radiology Associates, P.O. Box 62600, Dept. 1939, New Orleans, LA 70162; (7) Rathmann Chiropractic Clinic, 753 Government Street, Baton Rouge, LA 70802; and (8) Professional Emergency Physicians Associates, P.O. Box 2168, Edmond, OK 73083."[2]

28 U.S.C. § 1335 provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶ VII.

1

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

For this court to have original jurisdiction over the interpleader pursuant to 28 U.S.C. § 1335, Plaintiff must establish, *inter alia*, minimal diversity among the claimants. *See*, *Auto Parts Mfg. Mississippi, Inc. v. King Constr. of Houston*, 782 F.3d 186, 193 (5th Cir. 2015) (noting § 1335's "minimum diversity requirement."); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (§ 1335 "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.")).

Plaintiff's Complaint does not adequately allege the citizenship of the claimants for purposes of determining whether minimal diversity exists. A corporation is a citizen of its place of incorporation and its principal place of business. *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard*

*Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).  Finally, with regard to individuals, [f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).  Here, Plaintiff has not alleged the domicile of the individual claimants.  Additionally, Plaintiff has not alleged the citizenship of the members of Morris Bart, LLC.  Finally, with respect to the remaining claimants, Plaintiff has not alleged whether these entities are corporations or unincorporated associations.  To the extent these entities are corporations, Plaintiff must allege the corporation's state of incorporation and principal place of business.  To the extent these entities are unincorporated associations (such as limited liability companies), Plaintiff must allege the citizenship of each of the association's members.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a Motion to Substitute the Complaint for Interpleader (R. Doc. 1) with an Amended Complaint for Interpleader that properly sets forth the citizenship of the parties.  Plaintiff shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute.  No leave of court is necessary to file the Motion to Substitute.

In light of the anticipated Motion to Substitute, the scheduling conference previously set for March 30, 2017 is **RESET** to **Thursday, April 27, 2017 at 2:30 p.m.**

Signed in Baton Rouge, Louisiana, on March 30, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

3